Filed 4/28/23  In re S.V. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.V., a Person Coming Under the Juvenile Court Law. | B315819 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19LJJP00882A) |
| Plaintiff and Respondent, | |
| v. | |
| F.V., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael C. Kelley, Judge. Affirmed.

Richard B. Lennon and Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

———————————

Father appeals from a dispositional order after a hearing under Welfare and Institutions Code[1] section 342. Father does not challenge the jurisdictional findings that his then 15-year-old daughter was at substantial risk of harm based on father's physical abuse, substance abuse, and inability to provide appropriate care due to daughter's behavioral problems, including drug abuse. Father only challenges the portion of the dispositional order requiring monitored visitation with daughter. Father also contends the juvenile court erroneously failed to ensure that the Los Angeles County Department of Children and Family Services (Department) complied with requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). We agree with the Department that the juvenile court's monitored visitation order was not an abuse of discretion, and we find father's ICWA challenge to be moot.

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [discussion of issue on appeal need not discuss every fact or legal authority raised by parties].)

———————————

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

*Monitored visits*

"We review an order setting visitation terms for abuse of discretion." (*In re Brittany C.* (2011) 191 Cal.App.4th 1343, 1356.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

The juvenile court did not abuse its discretion when it ordered monitored visits and gave the Department discretion to liberalize. The Department's reports make it clear that the relationship between daughter and father has been fraught over the entire course of the dependency proceeding. Daughter has accused father of mistreating her and father has taken the position that daughter is manipulative and makes false accusations in order to live in a more permissive environment. The record includes extensive evidence that daughter has significant behavioral and substance abuse problems. Daughter has reported smoking marijuana with father, and has repeatedly accused father of physical and emotional abuse and neglect, as well as alcohol and substance abuse. In later interviews, daughter recanted or minimized some of her accusations. Nevertheless, daughter's accusations led to the Department filing a section 342 subsequent petition against father and the court sustaining petition allegations relating to physical abuse, substance abuse, and father's inability to care for and supervise daughter due to daughter's behavioral problems and drug abuse. Daughter's behavioral and substance abuse issues have resulted

in a concurrent delinquency case. Given these particular facts and circumstances, monitored visitation was a reasonable means of protecting daughter's safety, both by ensuring that father could not undermine daughter's efforts at sobriety and by reducing the likelihood that daughter would make unverifiable claims of maltreatment by father.

### *ICWA*

The "critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.) ICWA does not apply when a minor is in the custody of a parent. (*In re J.B.* (2009) 178 Cal.App.4th 751, 758.) Counsel may call the appellate court's attention to juvenile court rulings affecting whether a review of the merits is necessary. (*In re N.S.*, at p. 57.) The Department's January 19, 2023 unopposed motion requesting judicial notice of postjudgment evidence is granted. Daughter was placed in mother's home and because daughter is now in mother's custody, we find father's ICWA contention moot and decline to exercise our discretion to review the merits of that portion of father's appeal.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.